IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **LOUDERMILK,** | Case No. 08 C 06869 |
| Plaintiff, | Magistrate Judge<br>P. Michael Mahoney |
| vs. | |
| **BEST PALLET COMPANY, LLC, and**<br>**DAN LYONS, individually,** | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

I. Introduction

Plaintiff was a general laborer until he was terminated in April 2006. He filed this lawsuit on December 2, 2006, alleging violations under Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Before the court is Defendants' motion to determine the sufficiency of Plaintiff's second amended objections and answers to Defendants' first set of requests to admit. (Crt. Doc. 61.) Defendants challenge the sufficiency of Plaintiff's Responses to Request Numbers 21, 38, 55, 56, and 58–65.

II. Discussion

Requests to admit serve to narrow the issues at trial and can help parties limit the need for extensive discovery as to issues that can be addressed through Rule 36 admissions. *Lambert v. Owens et al.*, 2002 WL 1838163, 2002 U.S. Dist. LEXIS 14789, at *2 (N.D. Ill. Aug. 9, 2002) (Mahoney, M.J.). Under Rule 36, "A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the

1

application of law to fact, or opinions about either[.]" *Fed. R. Civ. P.* 36(a)(1)(A). The party upon whom a request for admission is served must either object or answer the request. *Fed. R. Civ. P.* 36(a)(4). A party may not object merely on the grounds that the request presents a genuine issue for trial. *Fed. R. Civ. P.* 36(a)(5).

If the party does not object, its answer must either admit the matter, deny the matter, or "state in detail why the answering party cannot truthfully admit or deny it." *Fed. R. Civ. P.* 36(a)(4). "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Fed. R. Civ. P.* 36(a)(4). A party may not "merely rely on his lack of personal knowledge when responding to requests to admit." *Lambert*, 2002 U.S. Dist. LEXIS 14789, at *2. In some circumstances, Rule 36 requires a party to describe the specific reasons why, after its reasonable inquiry, the party still lacked knowledge sufficient to admit or deny the matter. *See Cada v. Costa Line, Inc.*, 95 F.R.D. 346, 347–48 (N.D. Ill. 1982) ("Statements of inability to admit or deny are of course permitted by Rule 36, but they must be supported by specific reasons."); *United States v. Am. Tel. & Tel. Co.*, 83 F.R.D. 323, 333 (D.C.C. 1979).

Whether an inquiry is reasonable depends on the facts of the case. *Hanley v. Como Inn, Inc.*, 2003 WL 1989607, 2003 U.S. Dist. LEXIS 7130, at *4, 6–7 (N.D. Ill. Apr. 28, 2003). Generally, a responding party complies with Rule 36(a)(4) by consulting persons under its control. *Id.* at *5. "'Reasonable inquiry includes investigation and inquiry of any of [a responding party's] officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or

furnish the necessary and appropriate response.'" *Taborn v. Unknown Officers*, 2001 WL 138908, 2001 U.S. Dist. LEXIS 1932, at *3 (N.D. Ill. Feb. 16, 2001) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997)). A "reasonable inquiry" may also require the responding party to consult third parties. *Brown et al. v. Overhead Door Corp.*, 2008 WL 4614299, 2008 U.S. Dist. LEXIS 82522, at *5–7 (N.D. Ill. Oct. 16, 2008) (Mahoney, M.J.); *Lambert*, 2002 U.S. Dist. LEXIS 14789, at *2.

A responding party that cannot admit or deny a request outright may make an admission with a qualification or deny only part of a request. *Climco Coils Co. v. Siemens Energy & Automation, Inc.*, 2006 WL 850969, 2006 U.S. Dist. LEXIS 19796, at *2–3 (N.D. Ill. Mar. 28, 2006) (Mahoney, M.J.). Qualifying an admission may be necessary where improper inferences may be drawn from the admission. *Id*. at *4. Qualifications must be made in good faith, and the responding party must specifically state what part of the request is true. *Id*. "Likewise, if a respondent seeks to deny only part of a request, the respondent must state specifically what part of the request is true, and deny only the remainder." *Id*. When qualifying an admission or denying only part of a request, the party's responses must still "fairly meet[] the substance of the requested admission." *Id*. at *3–4.

If the requesting party believes the responding party to have answered insufficiently, it may move for the court to rule on the answer's sufficiency. *Fed. R. Civ. P*. 36(a)(6). If the court finds the answer insufficient, it may order the responding party to amend the answer. *Fed. R. Civ. P*. 36(a)(6). The court may also simply order the matter admitted. *Fed. R. Civ. P*. 36(a)(6).

If a party fails to admit an assertion set forth in a Rule 36 request to admit and the requesting party later proves a document to be genuine or an assertion to be true, the responding

3

party may have to pay the reasonable expenses, including attorney's fees, incurred in making that proof. *Fed. R. Civ. P.* 37(c)(2). The court must order payment of the reasonable expenses unless one of the following is true: "(A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." *Fed. R. Civ. P.* 37(c)(2)(A)–(D).

### III. Requests to Admit Numbers 21, 38, 55, and 59

Request Numbers 21, 38, 55, and 59 asked Plaintiff to verify the genuineness of documents. Request Number 21 sought the following admission: "The 'Employee Disciplinary Action Notices' dated April 26, 2006 and produced by Defendants as document BP477, is a copy of the Employee Disciplinary Action Notice regarding Plaintiff prepared by Juan Campos on April 26, 2006 ('Plaintiffs [*sic*] 4/26/06 Disciplinary Action Notice')." (Defs.' Mot. Ex. H.) Plaintiff responded,

> Plaintiff admits that Defendants produced document BP477 during discovery, and that BP477 purports to be an Employee Disciplinary Action Notice regarding Plaintiff allegedly prepared by Juan Campos on April 26, 2006. Plaintiff denies ever being shown the alleged 'Employee Disciplinary Action Notice' dated April 26, 2006 and produced by Defendants as documents BP477, prior to his filing the instant lawsuit, or that any such Notice was issued. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Request No. 21.

(*Id.*)

Request Number 38 sought the following admission: "The documents produced by Defendants as BP288 through BP333 are copies of employment disciplinary and termination notices and related correspondence and records from Best Pallet's files." (*Id.*) Plaintiff responded,

4

> Plaintiff admits that Defendants produced documents BP288 through BP333 during discovery, and that BP288 through BP333 appear to be copies of employment disciplinary and termination notices and related correspondence and records from Best Pallet's files. Plaintiff is without knowledge or information sufficient to form a belief as to the truth whether BP288 though BP333 are copies of actual employment disciplinary and termination notices and related correspondence and records from Best Pallet's files.

(*Id.*)

Request Number 55 sought the following admission: "The document produced by Defendants as BP474 and BP475 is a copy of a print out of an email sent by Reno Joseph to Lyons at his email address of lyonscimidlakes.net on April 3, 2006 (the '4/3/06 Email') and the attachment thereto (the '4/3/06 Attachment')." (*Id.*) Plaintiff responded,

> Plaintiff admits that defendants produced BP474 and BP475 during discovery. Plaintiff also admits that BP474 and BP475 appear to be a copy of a print out of an email sent by Reno Joseph to Lyons at his email address of lyonscimidlakes.net on April 3, 2006 and the attachment thereto. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether Reno Joseph actually sent an email to Lyons on April 3, 2006, and/or whether BP474 and BP475 are true and accurate copies of any e-mail and attachment sent by Mr. Joseph to Lyons on April 3, 2006.

(*Id.*)

Request Number 59 sought the following admission: "The documents produced by Defendants as BP476 through BP501 is a copy of the PowerPoint presentation that Reno Joseph gave during the Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting held on April 19, 2006 (the 'April 19, 2006 PowerPoint Presentation')." (*Id.*) Plaintiff responded, "Plaintiff admits that Defendants produced document BP476 through BP501 during discovery. Plaintiff admits that BP476 through BP501 appear to be a PowerPoint presentation. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Request No. 59." (*Id.*)

In each of Plaintiff's answers to Request Numbers 21, 38, 55, and 59, he stated that he is without knowledge or information sufficient to form a belief as to whether the documents in the requests to admit are genuine. Importantly, Plaintiff failed to state that he made a reasonable inquiry regarding the requests. Plaintiff also did not describe the reasonable inquiry in which he engaged, and did not give specific reasons for being unable to admit or deny the request after the reasonable inquiry.

Plaintiff asserts in his Response Brief to Defendants' Motion that he did, in fact, conduct a reasonable inquiry and merely left out from his answers the "magic words" required by Rule 36. He wrote in his Response Brief, "To the extent the [c]ourt determines that Loudermilk's responses fail due to the 'lack of magic words,' Loudermilk requests leave *instanter* to add the necessary verbage." (Pls.' Resp. 6.)

It is unclear what "necessary verbage" Plaintiff seeks to add. It appears that Plaintiff is requesting leave to simply add to his answers what he considers meaningless language. Such a statement is necessary under Rule 36. They are not meaningless words. Plaintiff's answer must include a detailed description of the reasonable inquiry undertaken by Plaintiff, and specific reasons why Plaintiff is still unable to admit or deny the requests after the reasonable inquiry.

The court notes that admissions regarding the genuineness of documents are usually straightforward. Fact discovery is closed in this case, and Plaintiff has gathered evidence relevant to the assertions set forth in the requests. Plaintiff argues in his Response Brief that evidence exists refuting the genuineness of the documents at issue. (Pl.'s Resp. 7–9.) If true, a proper response may be to deny the request to admit. Doing so would streamline the issue for trial. Alternatively, if Plaintiff has discovered no evidence refuting the authenticy of the

document, and evidence exists supporting the genuineness of the document, the proper answer may be to admit the assertion. A party that fails to admit a request may have to pay reasonable costs under appropriate circumstances.

Because Plaintiff's answers are insufficient, the court strikes his answers to Request Numbers 21, 38, 55, and 59. The court orders Plaintiff to respond to these requests by October 22, 2009. If Plaintiff's new answers state that he lacks knowledge or information sufficient to admit or deny the genuineness of these documents, the court expects a detailed explanation as to what reasonable inquiry Plaintiff undertook, and specific reasons why he can neither admit nor deny the assertion set forth in the request.

### IV. Requests to Admit 56, 58, 60, and 61

Requests to Admit Numbers 56, 58, 60, and 61 asked Plaintiff to admit that certain documents produced by Defendants contain certain statements or information. Request Number 56 sought the following admission: "In his 4/3/06 Email Reno Joseph announces a first quarter financial and operations review meeting for the Pneufast and Huber Pallet Divisions to be held on April 19, 2006 and refers to his 4/3/06 Attachment as a 'document with action items for each team member to present.'" (Defs.' Mot. Ex. H.) Plaintiff responded,

> Plaintiff admits that BP474 and BP475 were produced by defendants in discovery. Plaintiff admits that BP474 appears to be an e-mail from Reno Joseph announcing a first quarter financial and operations review meeting for the Pneufast and Huber Pallet Divisions to be held on April 19, 2006 and referring to an attachment as a "document with action items for each team member to be present." Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the [*sic*] whether Reno Joseph actually sent an e-mail to Lyons on April 3, 2006. Plaintiff is also without knowledge or information sufficient to form a belief as to the truth of whether BP474 and BP475 are a true and accurate copy of an e-mail and attachment allegedly sent by Reno Joseph to Dan Lyons on April 3, 2006.

(*Id*.)

Request Number 58 sought the following admission: "The 4/3/06 Attachment (BP475) lists Lyons first name 'Dan' next to a bullet point under the 'Huber Pallet division Operations update' heading, which states: 'Direct labor reduction YTD compared to last year.'" (*Id.*) Plaintiff responded,

> Plaintiff admits that Defendants produced BP475 during discovery. Plaintiff admits that AP475 lists Lyons first name "Dan" next to a bullet point under the "Huber Pallet division Operations update" heading, which states: "Direct labor reduction YTD compared to last year." Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether BP475 is a true and accurate copy of an attachment to an e-mail allegedly sent by Reno Joseph to Dan Lyons on April 3, 2006.

(*Id.*)

Request Number 60 sought the following admission:

> The 22nd page of the April 19, 2006 PowerPoint Presentation, produced by Defendants as BP497 and stamped "confidential Information" pursuant to the parties Agreed Protective Order of May 7, 2009, contains a comparison of Best Pallet's first quarter 2005 and 2006 "Labor Costs", [*sic*] and shows that Labor Costs during the first quarter of 2006 had increased by $17,942 over Labor Costs during the first quarter of 2005.

(*Id.*) Plaintiff responded,

> Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether BP497 is a true and accurate copy of the 22nd page of a PowerPoint Presentation allegedly given by Reno Joseph at a meeting on April 19, 2006. Plaintiff is also without knowledge or information sufficient to form a belief as to the truth of whether the information shown on BP497 is true and accurate. Plaintiff admits that defendants produced document BP497 during discovery. Plaintiff admits that BP497 states that Labor Costs during the first quarter of 2006 had increased by $17,942 over Labor Costs during the first quarter of 2005.

(*Id.*)

Request Number 61 sought the following admission: "The 26th page of the April 19, 2006 PowerPoint Presentation, produced by Defendants as BP501 states that one of Best Pallet's 'Goals for Next Review' was to 'Reduce direct labor from 28 to 23.'" (*Id.*) Plaintiff responded,

> Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether BP501 is a true and accurate copy of the 26th page of a PowerPoint Presentation allegedly given by Reno Joseph at a meeting on April 19, 2006. Plaintiff admits that Defendants produced document BP501 during discovery. Plaintiff admits that BP501 states that one of Best Pallets "Goals for Next Review" was to "Reduce direct labor from 28 to 23."

(*Id.*)

Plaintiff's answers to Request Numbers 56, 58, 60, and 61 are qualified admissions. Plaintiff admits that the statement or information purported to be on the page or pages set forth in the request is in fact on that page or those pages. But, he qualifies that admission by stating that he does not have knowledge or information sufficient to form a belief regarding the genuineness of the page or pages in question.

As explained above in Section III, *supra*, the qualification portions of Plaintiff's answers do not comply with Rule 36. Plaintiff denied knowledge or information sufficient to admit or deny the requests, but did not state that a reasonable inquiry was made. He also failed to state the details of that reasonable inquiry, and the specific reasons why Plaintiff still could not admit or deny the assertion in the request after the inquiry. Because portions of Plaintiff's answers to Request Numbers 56, 58, 60, and 61 are insufficient, the court orders Plaintiff to amend his answers to those requests by October 22, 2009.

## V. Request Numbers 62–65

Request Numbers 62–65 sought admissions regarding Defendant Lyons' actions and knowledge. Request Number 62 sought the following admission: "Defendant Lyons participated in the creation of the April 19, 2006 PowerPoint Presentation." (Defs.' Mot. Ex. H.) Plaintiff responded, "Plaintiff admits that Lyons testified to the facts alleged in Request No. 62 during his

9

deposition. However, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether Lyons actually participated in the creation of the April 19, 2006 PowerPoint Presentation." (*Id.*)

Request Number 63 sought the following admission: "Defendant Lyons attended the April, 19, 2006 Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting at which Reno Joseph gave the April 19, 2006 PowerPoint Presentation." (*Id.*) Plaintiff responded,

> Plaintiff admits that Lyons testified to the facts alleged in Request No. 63 during his deposition. However, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether Lyons attended a [*sic*] April 19, 2006 Pneufast and Huber Pallet Divisions first quarter financial operations review meeting, and/or whether Reno Joseph gave [a] PowerPoint Presentation at such a meeting.

(*Id.*)

Request Number 64 sought the following admission:

> As of the April 19, 2006 Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting at which Reno Joseph gave the April 19, 2006 PowerPoint Presentation, Defendant Lyons was aware that Best Pallets Labor Costs during the first quarter of 2006 had increased by $17,942 over Labor Costs during the first quarter of 2005.

(*Id.*) Plaintiff responded,

> Plaintiff admits that Lyons testified to the facts alleged in Request No. 64 during his deposition. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether as of April 19, 2006, Defendant Lyons was actually aware that Best Pallets Labor Costs during the first quarter of 2006 had increased by $17,942 over Labor Costs during the first quarter fo 2005. Plaintiff is also without knowledge or information sufficient to form a belief as to whether Reno Joseph actually gave a PowerPoint Presentation at an April 19, 2006 Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting.

(*Id.*)

Request Number 65 sought the following admission: "As of the April 19, 2006 Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting at which Reno Joseph gave the April 19, 2006 PowerPoint Presentation, Defendant Lyons was aware that one of Best Pallets goals was to 'reduce direct labor from 28 to 23.'" (*Id*.) Plaintiff responded,

> Plaintiff admits that Lyons testified to the facts alleged in Request No. 65 during his deposition. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of whether as of April 19, 2006, Defendant Lyons was actually aware that one of Best Pallet's goals was to "reduce direct labor from 28 to 23.["] Plaintiff is also without knowledge or information sufficient to form a belief as to whether Reno Joseph actually gave a PowerPoint Presentation at an April 19, 2006 Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting.

(*Id*.)

Plaintiff's responses to Request Numbers 62–65 are qualified admissions. Plaintiff admitted that Lyons testified to the facts asserted in the requests. Plaintiff qualified that admission by stating that he lacked knowledge or information sufficient to admit that the facts to which Lyons testified are actually true. Unfortunately, as with the requests discussed in Sections III and IV, Plaintiff failed to state that he conducted a reasonable inquiry, failed to describe the details of that reasonable inquiry, and failed to state the specific reasons why he still could not admit or deny the requests after having conducted the reasonable inquiry. These flaws render Plaintiff's answers insufficient. The court orders that Plaintiff amend his answers to Requests 62–65 by October 22, 2009 to comply with Rule 36.

The court notes that requests seeking admissions regarding the occurrence of a particular event are much like requests seeking admissions regarding the genuineness of a document. They are straightforward. If discovery yielded evidence contradicting Defendants' assertion that the Pneufast and Huber Pallet Divisions first quarter financial and operations review meeting took

place, Plaintiff may need to deny that assertion. Similarly, if evidence exists contradicting Defendants' assertion that Lyons attended that meeting, and that Reno Joseph presented a PowerPoint Presentation at the meeting, then Plaintiff may need to deny those assertions. If the only evidence that exists supports these assertions, Plaintiff may need to admit them.

That is not to say that Defendants' requests are perfectly drafted. Request Numbers 62, 64, and 65 sought admissions that Lyons "participated" in the creation of the PowerPoint Presentation, and "was aware" of certain facts. The verb phrases "participated in" and "was aware of" are vague, and their definitions are open to interpretation. Plaintiff may not be able to admit or deny whether Lyons "participated" in creating the PowerPoint Presentation, or whether Lyons was "aware of" certain facts, even after a reasonable inquiry. Regardless, Plaintiff still has a duty to conduct a reasonable inquiry under Rule 36, describe the inquiry, and state why he cannot admit or deny the request even after the inquiry.

## VI. Conclusion

The court finds that Plaintiff's answers to Defendants' Requests to Admit Numbers 21, 38, 55, and 59 are insufficient. The court strikes Plaintiff's answers to those requests and orders Plaintiff to re-answer according to this opinion by October 22, 2009. The court finds that

Plaintiff's answers to Requests Numbers 56, 58, and 60–65 are insufficient in part. Plaintiff is ordered to amend his answers to those requests according to this opinion by October 22, 2009.

ENTER:

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

**DATE:** October 8, 2009