IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| LOUDERMILK, | ) | Case No. 08 C 06869 |
| Plaintiff, | ) | |
| vs. | ) | Magistrate Judge |
| | ) | P. Michael Mahoney |
| BEST PALLET CO., LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's petition for attorneys' fees and costs associated with the reconvening of Plaintiff's deposition. Plaintiff's deposition originally took place on June 16, 2009. During that deposition, the parties took a lunch break. Plaintiff's deposition resumed, and Defendant's attorney began questioning Plaintiff as to conversations that might have taken place between Plaintiff and his attorney during the break. Plaintiff maintained that no discussions or conversations took place between him and his attorney during the break.[1]

On June 26, 2009, Plaintiff submitted an affidavit to Defendant to "clarify" his deposition testimony. The affidavit states, "During my deposition I was asked whether I sat with and spoke to my attorney . . . during a lunch break. . . . . After we ordered our food, [my attorney] sat down at a table, and I remained with Mr. Jones. I subsequently sat down at [my attorney's] table and spoke with him." (Pl. Aff. ¶¶ 4, 6.)

---

[1] For example, Defendant's attorney asked Plaintiff if he had "any discussions with [his] attorney during the lunch break[.]" (Pl. Dep. 83:17–18, June 16, 2009.) Plaintiff answered, "No." (*Id*. 83:19.) Defendant's attorney then asked, "[Y]ou did not talk to him and he didn't talk to you and you didn't talk to him?" (*Id*. 83:20–21.) Plaintiff answered, "No." (*Id*. 83:22.)

1

After receiving Plaintiff's affidavit, Defendant filed a motion to reconvene Plaintiff's deposition and for sanctions under Federal Rule of Civil Procedure 37. On August 26, 2009, the court granted Defendant's motion to reconvene Plaintiff's deposition, and instructed Defendant to file a petition for attorneys' fees after the deposition had concluded.

On September 3, 2009, Plaintiff filed a motion to reconsider and, in the alternative, to reconvene the deposition of Kim Rodriguez. The motion raised issues regarding what sanctions would be equitable against Plaintiff for having to reconvene his deposition, as well as the scope of the questioning that could occur at the second deposition. The motion sought leave for Plaintiff to re-take the deposition of Rodriguez. The magistrate gave some guidance as to what topics would be appropriate for the deposition and reiterated that Defendant should submit a petition for fees after the deposition had concluded. The magistrate also granted Plaintiff's motion to reconvene Rodriguez's deposition.

Plaintiff's deposition reconvened on September 30, 2009 and lasted about two hours. (Def. Pet. Ex. F.) Defendant submitted a petition for fees on October 16, 2009 seeking recovery of an astonishing $20,504.20. (*Id*. at 8.) According to Defendant, this fee represents 69.40 hours of work at hourly rates ranging from $155 to $415, and costs associated with transcribing two court hearings and Plaintiff's second deposition. (*Id*. Ex. F.) The hours for which Defendant was billed relate to filing Defendant's motion to reconvene Plaintiff's deposition, responding to Plaintiff's motion to reconsider, preparing for and taking Plaintiff's second deposition, and filing Defendant's petition for costs and attorneys' fees. (*Id*.) It is unclear whether Defendant has paid this bill.

Under Rule 37(a), a party can file a motion to compel when a deponent fails to answer a

question asked under Rule 30 or Rule 31. *Fed. R. Civ. P.* 37(a)(3)(B)(i). If the court grants that motion, "the court must, after giving an opportunity to be heard, require that the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Fed. R. Civ. P.* 37(a)(5)(A).[2]

The reasonableness of an award of attorneys' fees is determined using the lodestar method: a court is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensely v. Eckerhart,* 461 U.S. 424, 433 (1983). Hours that are excessive, redundant or otherwise unnecessary are not "reasonably expended" and should therefore be excluded from this calculation. *Id*. The district court is also to consider other factors such as the degree of success obtained by the prevailing party's counsel, the novelty and difficulty of the questions presented, the skill required by the particular case, the customary fee, whether the fee is fixed or contingent, the experience of the attorneys, and awards in similar cases. *Id*. at 434 n.9 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Upon weighing the above considerations, the district court is then to exercise its discretion in making an equitable judgment without the constraints of any precise rule or formula. *Id*. at 436–37.

The work of a law firm's support staff is recoverable where it contributes to the attorney's work product. But, "the court should disallow . . . hours spent on tasks that would normally not be bill[ed] to a paying client [and] those hours expended by counsel on tasks that

---

[2]Defendant asserts that the court should award sanctions under Rule 37(c). (Def.'s Reply 2.) However, Rule 37(c) provides for sanctions where a party failed to disclose or supplement discovery under Rules 26(a) or 26(e), or failed to admit a request to admit under Rule 36. *Fed. R. Civ. P.* 37(c)(1)–(2). Those are not the circumstances in this case. Where, as here, a deponent failed to answer a question under Rule 30 or 31, the conduct is sanctionable under Rule 37(a).

are easily delegable to non-professional assista[nts]." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (upholding the district court's finding that tasks such as updating a "case list" and calendar with the status of cases, and holding office conferences with a paralegal regarding the paralegal's communications with the court's minute clerk, constituted unrecoverable administrative tasks).

In this case, the hourly rates charged by Defendant's attorneys are reasonable. Ms. Johnson is an associate at the law firm having just graduated law school. Her hourly rate is $155. The court finds this rate reasonable. Mr. Messer and Mr. Stilp are partners at the law firm and experienced attorneys. Their hourly rates are $390 and $415, respectively. Those rates are also reasonable.

However, the court finds that the hours expended are unreasonable. First, Defendant's bill reflects time that Mr. Messer spent traveling to and from Rockford on August 26, September 16, and September 30. Mr. Messer traveled to Rockford on August 26 to present Defendant's motion to reconvene Plaintiff's deposition. At the same hearing, Defendant also presented motions to bar the testimony and strike the affidavit of Eddie Myles, and to determine the sufficiency of answers under Rule 36. On September 16, Mr. Messer traveled to Rockford for the presentment of Plaintiff's motion to reconsider. Also presented on that day was Defendant's unrelated motion to enforce the case management order. On September 30, Mr. Messer traveled to Rockford to take Plaintiff's deposition. A discovery hearing in front of the court was also scheduled for that day.

On all three dates, Mr. Messer drove to Rockford for multiple reasons. He accounted for this on the bill by reducing the hours he charged proportionally. For example, the time sheet

4

reflects that on August 26 he charged for one third of the hours actually spent traveling and in court because only one of the three motions presented that day is relevant to this petition for fees.

However, traveling is necessary and takes the same amount of time whether an attorney is presenting one motion or three. Defendant cannot recover for time that Mr. Messer would have been traveling anyway. The hours reflected on the bill for travel on August 26, September 16, and September 30 are unrecoverable. Also, Defendant has not demonstrated that time was lost in court due to Plaintiff's sanctionable conduct. Travel and court time equal a total of 5.1 hours. Defendant cannot recover for that time. Likewise, Defendant cannot recover the costs incurred for transcribing the court hearings.

Also, Defendant cannot recover for time associated with litigating Plaintiff's motion to reconsider. "A motion for reconsideration of the imposition of sanctions does not risk additional sanctions unless the new motion is itself frivolous." *Autotech Corp. v. NSD Corp. et al.*, 1992 WL 82351, 1992 U.S. Dist. LEXIS 5687, at *8 (N.D. Ill. Apr. 20, 1992) (*citing Brown v. Nat'l Bd. of Med. Examiners et al.*, 800 F.2d 168, 173 (7th Cir. 1986)); *see also Peaceful Family Ltd. P'ship et al. v. Van Hedge Fund Advisors, Inc. et al.*, 2001 U.S. Dist. LEXIS 9816, at *4 (N.D. Ill. July 16, 2001). Plaintiff's motion to reconsider was not frivolous. It raised important issues regarding Plaintiff's deposition and sanction. The portion of Plaintiff's motion seeking to re-convene Rodriguez's deposition was unrelated to Plaintiff's deposition. Because the motion was not frivolous and raised novel issues, the court declines to award attorneys' fees related to briefing or arguing the motion. That includes 21.6 hours between September 3 and September

5

16.[3]

The hours expended drafting Defendant's motion to reconvene Plaintiff's deposition are also unreasonable. By the time the motion was presented on August 26, Defendant's attorneys had already logged 18.2 hours for which Defendant seeks recovery.[4] The motion is about five pages long. The argument section in the motion is just a little over two pages long. The issues presented in the motion are not exceedingly complex. The motion was granted in court without further briefing. The court finds that 3.5 hours represents a reasonable amount of time to research and draft this motion.

Also, Ms. Johnson did the bulk of the research and writing for this motion on June 29 and July 22 at her hourly rate of $155. The court finds that Ms. Johnson could have completed this task on her own without the many hours of conferences and revisions conducted by Mr. Messer and Mr. Stilp at their higher rates. Therefore, the court awards Defendant $542.50 associated with bringing the motion to reconvene Plaintiff's deposition, representing 3.5 hours at the hourly rate of $155.

The hours spent preparing for the Plaintiff's second deposition are also unreasonable. Between September 17 and September 30, Mr. Messer billed nine hours to prepare for and re-take Plaintiff's deposition.[5] Those nine hours include 1.9 hours billed on September 17 to do the

---

[3]The 21.6 hours includes two hours on September 16 that Mr. Messer charged for travel and court time associated with the motion's presentment. The court already found that those two hours are unrecoverable.

[4]The 18.2 hours includes 1.8 hours on August 26 that Mr. Messer charged for travel and court time associated with the presentment of Defendant's motion. The court already found that the 1.8 hours is unrecoverable.

[5]The nine hours includes 1.3 hours of travel time on September 30 for which the court already found Defendant could not recover.

following:

> arrange files and docket information from 9/16/09 Court hearing[, t]elephone conference with Judge Mahoney's clerk regarding the time and location for Plaintiff's continued deposition[, p]repare Notice of Plaintiff's Continued deposition and email regarding the same to Plaintiff's counsel[, and m]ake arrangements for the deposition, ordering of the Court reporter, a diagram of the Subway for use at the deposition and order the transcript from [the 9/16/09] hearing.

(Def.'s Pet. Ex. F.) All of these tasks seem easily delegable to a non-professional assistant. Defendant cannot recover for the 1.9 hours spent doing these tasks.

Not counting the administrative tasks or time spent traveling, Defendant's bill reflects 5.8 hours associated with preparing and taking Plaintiff's deposition. The deposition lasted two hours. Preparing for a two hour deposition should not take longer than one hour. The court finds that a reasonable amount of time for Defendant's attorney to spend preparing for and taking Plaintiff's second deposition is three hours. Depositions are usually taken by attorneys with experience comparable to that of Mr. Messer. Therefore, the court awards Defendant $1170, representing three hours at an hourly rate of $390. Also, the court awards the Defendant $567.20 representing the costs for having a court reporter present at the deposition, and for transcription of the deposition.

Finally, the hours spent drafting Defendant's petition for attorneys' fees are unreasonable. Between October 1 and October 16, Mr. Messer and Ms. Johnson, together, billed 19.1 hours to draft the petition for fees. The petition for fees is eight pages long and straightforward. Defendant filed a reply in support of its petition that spanned seven pages. None of the issues presented or argued require 19.1 hours of work and the collaboration of two skilled attorneys. The court finds that three hours is a reasonable amount of time to spend on this petition for fees. The court also finds that Ms. Johnson could have drafted the petition on

7

her own at her hourly rate.  Thus, the court awards Defendants $465, representing three hours at an hourly rate of $155.

      The court awards a grand total of $2744.70 in costs and fees to Defendants.  This number represents $542.50 for the filing of the motion to reconvene Plaintiff's deposition, $1170 for the re-taking of Plaintiff's deposition, $567.20 in court reporter's costs associated with the second deposition, and $465 for the filing of the petition for fees.  Because Plaintiff's statements at the first deposition necessitated the taking of his second deposition, the court orders Plaintiff, and not Plaintiff's counsel, to pay the above costs and fees within a reasonable time.

**E N T E R:**

_____

**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

**DATE**: November 25, 2009