# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6869 | **DATE** | 8/13/2010 |
| **CASE TITLE** |  | Loudermilk vs. Best Pallet Company, LLC et al | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the motion [123] for attorney fees and costs under 28 U.S.C § 1927.

*Philip G. Reinhard*

■[ For further details see text below.]   Electronic Notices.

## STATEMENT

     Defendants filed a motion, pursuant to 28 U.S.C. § 1927, seeking attorney fees and costs against plaintiff's attorneys and their law firm (respondents). The basic premise of the motion is that respondents persisted in prosecuting a claim of racial discrimination based on a hostile work environment despite there being no basis for the claim and that they did so up until they abandoned the claim in their response to defendants' motion for summary judgment. Respondents contend they never pursued a hostile work environment claim and that defendants should be sanctioned for bringing the § 1927 motion.

     Section 1927 provides, in pertinent part, that "[a]ny attorney... who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This provision requires that counsel act both unreasonably and vexatiously. Kotsilieris v. Chalmers, 966 F. 2d 1181, 1184 (7th Cir. 1992). Vexatious means either subjective or objective bad faith. Kotsilieris, 966 F. 2d at 1184. Ordinary negligence does not satisfy this standard, and it must be shown that the attorney acted with intentional ill will, recklessness, or indifference to the law. Kotsilieris, 966 F. 2d at 1184. Objectively unreasonable conduct alone does not meet the requirements of § 1927. Kotsilieris, 966 F. 2d at 1184. The cases in which the Seventh Circuit has upheld § 1927 sanctions have involved situations in which counsel acted recklessly, raised baseless claims despite notice of their frivolousness, or otherwise showed indifference to statutes, rules, or court orders. Claiborne v. Wisdom, 414 F. 3d 715, 721 (7th Cir. 2005).

     Here, defendants have fallen short of demonstrating the type of unreasonable and vexatious behavior contemplated by § 1927. While the parties disagree as to whether plaintiff's attorneys in fact prosecuted a claim for racial discrimination based on a hostile work environment, the court need not decide that question and will assume that they did.[1] Even with this assumption, there is no showing of bad faith on the part of respondents. It is not unusual for a plaintiff to concede a claim, or even deny having raised one, at a later stage of the proceedings such as a motion for summary judgment. This is especially so if in fact the plaintiff never intended to pursue such a claim. There is simply no evidence here of any unreasonable or vexatious

## STATEMENT

behavior by plaintiff's attorneys in this case. The most that can be said is that plaintiff's attorneys were sloppy or possibly even negligent in how they dealt with the hostile work environment issue, but that is not actionable under § 1927. The motion for sanctions fails for that reason alone.[2]

Additionally, § 1927 requires that the bad faith multiply the proceedings. There has been no showing here of how the alleged misbehavior by plaintiff's attorneys multiplied the proceedings or otherwise increased the costs and attorney fees of defendants. The motion is denied on this separate basis as well.[3]

Having disposed of the motion under § 1927, the court is compelled to comment on the unfortunate manner in which this case was litigated. It is obvious that for whatever reasons, there is animosity between the attorneys for both parties. This animosity was evidenced in part by some of the exchanges and interactions between the attorneys during the depositions and is further reflected in the briefing on the present motion. Without belaboring the point about the need for civility in any litigation, no matter how factually or legally contentious, the court considers it time for the attorneys here to shake hands, figuratively if not literally, and move on. Should these attorneys appear before the court in the future, the court expects a more civil and professional interaction.

---

1. There is evidence on both sides of this factual issue as based on the amended complaint and certain discovery submissions one might reasonably infer such a claim. On the other hand, other documents and written communications by plaintiff's attorneys to defendants would suggest that no such independent claim was being prosecuted. What the court can say, however, is that the amended complaint is not a model of how separate claims should be pleaded in Federal court in terms of the need to set out each claim in such a way as to fairly notify a defendant of the claims against him. See Fed. R. Civ. P. 8 and 10.

2. The court further notes that the claim against the law firm itself is not actionable as a law firm is not subject to sanctions under § 1927. Claiborne, 414 F. 3d at 722-23.

3. The court also denies respondents' perfunctory request for sanctions against defendants on the same bases stated above.